# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Janet Connolly, being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Boston field office of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). I have been an HSI Special Agent since 2008. I have been assigned to the Cyber Crimes and Child Exploitation groups since 2013.

2. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)(A)) and also referred to in this Affidavit as "child sexual abuse material" or "CSAM") [1] in all forms of media including computer media. I have received training in the investigation of cyber-crimes, including participation in the 2018 Atlanta National Law Enforcement Training on Child Exploitation, the 2016 Dallas Crimes Against Children Conference, and the 2015 New England Cyber Crime Conference. For the past approximately two years, I have specialized in dark web investigations, with a focus on child sexual abuse and child pornography websites. In 2024, I participated in a multinational, multi-agency task force to

[1] "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." *See* 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where I use that term in this affidavit, it is to refer to child pornography as defined by federal statute.

identify child sexual abusers who are active on the dark web. As an agent in the HSI Boston field office, I frequently participate in the execution of search warrants involving child exploitation and pornography, and I work closely with HSI forensic agents throughout these investigations and prosecutions. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423.

3. I submit this affidavit in support of a criminal complaint charging Camden MacLean (YOB 2001), of Leominster, Massachusetts, with violating 18 U.S.C. § 2252A(a)(1) (Transportation of Child Pornography).

4. The statements contained in this affidavit are based in part on my own personal knowledge; by information provided by United States Customs and Border Protection ("CBP") personnel; information that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical surveillance conducted by law enforcement agents; independent investigation and analysis by law enforcement agents/analysts and computer forensics agents; and my experience, training and background as a Special Agent with HSI.

5. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant, I have not included each and every fact that I, or others, have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish the requisite probable cause.

## STATEMENT OF PROBABLE CAUSE

6. On August 28, 2025, MACLEAN arrived at Boston Logan Airport on an international flight from Toronto, Canada. Customs and Border Patrol (CBP) referred him for additional screening.

7. As part of this screening, CBP conducted a basic manual search of MACLEAN's Apple iPhone 15 using a passcode that MACLEAN provided. CBP located a folder containing applications hidden within the phone's home screen, which was protected by the same password used to access the phone.[2] CBP opened one of the applications, Telegram—a cloud-based end-to-end encrypted instant-messaging platform—and observed a chat containing suspected CSAM.

8. Following this discovery, agents from HSI's Cyber Crimes Group arrived to assist with the screening and identified a Telegram chat titled "Deleted Account." Within the chat, MACLEAN and a then-unknown party ("Suspect-2")[3] communicated about MACLEAN's purchase of CSAM, including images of females who appear to be approximately 12 to 14 years old based on their overall body size, lack of pubic hair, and minimal breast development. The messages indicated that MACLEAN had made a digital payment and received multiple image and video files of apparent CSAM. HSI agents reviewed the media files and confirmed that they constituted child pornography.

9. HSI then conducted a short interview of MACLEAN after advising him of his *Miranda* rights. MACLEAN stated that he had flown to Boston from Toronto International Airport and lived in Leominster, Massachusetts. MACLEAN requested a lawyer shortly thereafter and was advised that his device would be detained pending further investigation.

---

[2] Apple iPhone users can hide mobile applications on their device to keep them private. Hidden applications are moved to a locked folder in the App Library and may be accessible with a passcode or facial identification.

[3] Suspect-2 has since been identified and charged by indictment in the District of Massachusetts with: (i) three counts of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e); (ii) one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); and (iii) one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).

10. Computer Forensics Agents ("CFA") assigned to the HSI New England Cyber Crimes Group continued the examination of MACLEAN's iPhone 15 for evidence of possession, receipt, transportation, or distribution of CSAM. During this examination, HSI CFA reviewed the Telegram chat between MACLEAN and Suspect-2, which began around April 15, 2025 and continued through May 26, 2025.

11. On April 16, 2025 at 2:26pm,[4] MACLEAN asked Suspect-2, "Do you have anything that I can buy off you?" MACLEAN explained that he had been "trying to buy shit but people seem like scammers." Suspect-2 replied, "[Y]ou have anything to show me ya not a cop? ill just send u what I got." MACLEAN agreed that he would "send first" and asked about Suspect-2's preferred payment method, which Suspect-2 advised was Cash App.[5] MACLEAN and Suspect-2 corresponded a few more times over the following days without exchanging CSAM.

12. On April 27, 2025 at 2:33pm, MACLEAN followed up, "Yo. What's your cash app I'll buy rn." Suspect-2 reiterated, "[Y]ou gotta send me one video of cp[6] first tho. i dont wanna sell to a cop lol." Suspect-2 also sent MACLEAN an image of a prepubescent female who was naked below the waist. The child's legs were spread apart, exposing her vagina. Based on the child's facial features, the minimal breast development visible beneath her shirt, the lack of pubic hair, and her overall size, the child appears to be approximately 9 to 12 years old.

13. Roughly one minute later, MACLEAN sent a video file of a pubescent female wearing underwear. Suspect-2 responded that the female "wasn't naked." MACLEAN then followed up with an approximately one-minute-and-a-half video depicting an unclothed minor

[4] All times were reported to be Coordinated Universal Time ("UTC").
[5] Cash App is a mobile payment platform that lets users send and receive money digitally.
[6] I believe this acronym stands for "child pornography."

female touching her vagina with her hand. Based on her overall body size, lack of pubic hair, and minimal breast development, the minor appears to be approximately 12 to 14 years old.

14. Suspect-2 responded with his Cash App username, requesting that MACLEAN pay $15 in exchange for certain videos. Suspect-2 stated, “[I] have a 15 year old thatll send videos to me.. and you can tell me what ya want her to say.” Suspect-2 then sent two video files of a female who, based on her stature and minimal breast development, appears to be the same age as Suspect-2 represented. In one of the videos, the minor is naked and rubbing her vagina with her hand.

15. At 2:48pm on April 27, 2025, after verifying Suspect-2’s Cash App details, MACLEAN confirmed that he had sent the requested funds. Approximately two minutes later, Suspect-2 sent MACLEAN a total of sixteen video and image files, all containing CSAM. The children depicted in the media files were mostly female—a appearing to range from approximately 1 to 12 years old based on their overall body size, lack of pubic hair, and/or minimal breast development—and were engaged in sexual activity. MACLEAN responded, “[T]hese are great my god.”

16. Suspect-2 then sent MACLEAN four more media files containing CSAM. MACLEAN stated that the files were “[s]o hot” and asked, “Can I pay more for everything you have[?]” Suspect-2 responded with an image of a female child, who appears to be approximately 4 to 6 years old based on her overall body size, lack of pubic hair, and lack of breast development. The child was lying on her back, with her legs folded up to her chest and a substance consistent with semen on her exposed vagina.

17. In response, MACLEAN asked Suspect-2 to send him more videos with 12 to 15 year-olds. Suspect-2 claimed to have videos of his daughter, who he said was approximately 15-

to 17 years old when the videos were taken. MACLEAN responded, "How much … I'll send you 10 for 2. Her getting fucked."

18. MACLEAN also requested Suspect-2's help obtaining sexually explicit photos from female teenagers. He explained, "I have so many hot high schoolers idk how to ask for nudes. I usually say I'll pay but they won't do it." Suspect-2 responded, "[I]m gunna asume ya a teach." MACLEAN replied, "Nah I used to work at a school tho." [7] He then sent Suspect-2 Snapchat usernames for certain minors.

19. Shortly thereafter, Suspect-2 reported that one of the minors had agreed to send a topless photograph of herself for $40. MACLEAN responded, "Say $35 for tits and I'll pay for it. and just say you'll send more money if she can lower the price a bit or something…… Ask to do 30-35 I'll cash app you it and maybe ask if she can lower them for more pictures."

20. At 8:21pm on April 27, 2025, Suspect-2 sent MACLEAN two images of a topless pubescent female ("Victim-1").[8] Although her face is not included in the frame, Victim-1 appears to be in her late teenage years based on her overall size and developed breasts. Approximately twenty minutes later, Suspect-2 stated, "[G]ot two back shots…. they here when ya ready for em… and yeah her ass is niceee." MACLEAN responded, "How much… Did the 35 go through for the tits[?]" He then agreed to pay Suspect-2 $30 for additional pictures. MACLEAN provided that payment at 9:12pm, confirming at 9:12pm, "Sent." Suspect-2 responded with two images,

[7] Law enforcement has identified no evidence that MACLEAN previously worked at a school.

[8] This individual's identity is not yet known to law enforcement. According to Suspect-2, Victim-1 claimed to be 17 years old.

consisting of selfie-style photographs of the back of a naked female—who appears to be Victim-1—reflected in a mirror.[9]

21. Following this exchange on April 27, 2025, MACLEAN continued to communicate with Suspect-2 over the following weeks, at one point requesting "more cp" and discussing the prospect of engaging in group sex with a 15-year-old girl. Excerpts of these conversations are included below.

| **Date/Time** | **Participant/Message** |
|---|---|
| 5/3/2025 7:27pm | CM: You have any more cp for me |
| 5/7/2025 8:41pm | CM: Can you send all of [Victim-1].[10] How much you think |
| 5/7/2025 8:44pm | Suspect-2: i have like 6 nudes and 5 face pics. if u didn't ghost id have get used panties… i lost on this one.. bitch got me for like another 80-120 |
| 5/7/2025 8:44pm | CM: Fucking a dude… I'll send you 80 if that's cool?? |
| 5/7/2025 8:46pm | CM: Alright I'll send you the money rn |
| 5/7/2025 8:46pm | Suspect-2: you trying to fuck this 15 year old w me |
| 5/7/2025 8:47pm | CM: Of course |
| 5/7/2025 8:47 pm | Suspect-2: word. says she's fucked a 45 year old last summer… little slut that hates her dad |
| 5/7/2025 8:48pm | _*CM sends Suspect-2 a screenshot confirming his $80 payment_<br><br>CM: Definitely need to double team her |
| 5/7/2025 8:48pm | Suspect-2: my man<br><br>_*Suspect-2 sends multiple selfie-style images of a pubescent female, some depicting her fully unclothed._ |
| 5/15/2025 9:05pm | CM: Need some teens bro. 13-16 |

[9] While the images referenced in Paragraph 20 do not appear to constitute CSAM as defined by 18 U.S.C. § 2256(8), MACLEAN's conduct is included to the extent that it bears on his intent with respect to the charged offense.
[10] MACLEAN referenced Victim-1 by her apparent first name.

| | |
|---|---|
| 5/26/2025 4:29pm | CM: Hey man got anything I can buy |

22. HSI has since obtained MACLEAN's Cash App records and compared his transactions to the Telegram chat with Suspect-2. Those records reflect that MACLEAN sent six payments to Suspect-2; the dates, times, and amounts of each payment track the Telegram messages between MACLEAN and Suspect-2 concerning the attempted purchase of CSAM:

| Date/Time | Amount | Sender | Recipient |
|---|---|---|---|
| 04/27/2025 2:49pm | $15 | Camden MacLean | Suspect-2 |
| 04/27/2025 2:54pm | $15 | Camden MacLean | Suspect-2 |
| 04/27/2025 3:28pm | $10 | Camden MacLean | Suspect-2 |
| 04/27/2025 8:13pm | $35 | Camden MacLean | Suspect-2 |
| 04/27/2025 9:12pm | $30 | Camden MacLean | Suspect-2 |
| 05/07/2025 8:48pm | $80 | Camden MacLean | Suspect-2 |

23. In addition to the Telegram chat with Suspect-2, HSI identified seventeen additional image files of CSAM that MACLEAN had apparently received through the Kik Messenger application.[11] The files included: (i) an image of a naked adult female holding a naked child—who appeared to be approximately 6 to 9 years old based on her small stature and lack of visible breast or pubic development—upside down while spreading the child's legs apart, with the focus of the image on the child's vagina, and (ii) an image depicting a toddler— who appeared to be approximately 18 to 24 months old based on her small stature, facial features, and the pacifier in her mouth—lying on her back, naked from the waist down, with a sex toy inserted in her vagina.

[11] Kik Messenger is an instant messaging application available on most mobile operating systems. Based on my training and experience, I know that Kik is a common platform for sharing child pornography.

## CONCLUSION

24. Based upon the above information, I respectfully submit that there is probable cause to believe that, on or about August 28, 2025, Camden MACLEAN knowingly transported child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(1) and (b)(1).

Sworn to under the pains and penalties of perjury,

Janet Connolly
_______________________________
Special Agent Janet Connolly
Homeland Security Investigations

SWORN before me telephonically in accordance with Fed. R. Crim. P. 4.1 on this 15th day of April. 2026

4:06 p.m.

_______________________________
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE